IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

CHARLESTON AREA MEDICAL CENTER, INC.,
Employer Below, Petitioner

**FILED**
**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 23-ICA-438          (JCN: 2022003463)

MARY KESTNER,
Claimant Below, Respondent

**MEMORANDUM DECISION**

Petitioner Charleston Area Medical Center, Inc. ("CAMC") appeals the September 5, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Mary Kestner did not file a response.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's orders, which denied the addition of status post lateral meniscectomy of the right knee as a compensable condition, closed the claim for temporary total disability ("TTD") benefits, and denied authorization for a referral for pain management.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kestner was injured on August 15, 2021, when she tripped over a cord and twisted her right knee. On August 23, 2021, the claim administrator issued an order holding the claim compensable for a right knee strain. TTD benefits were initially granted from August 16, 2021, through August 24, 2021.

On August 17, 2021, and August 24, 2021, Ms. Kestner was seen by Jack Kinder, M.D. Dr. Kinder diagnosed a right knee strain on top of moderate osteoarthritis, which is a preexisting degenerative condition, and a possible lateral meniscus injury. Dr. Kinder opined that Ms. Kestner should remain off work until she could undergo an MRI. Ms. Kestner underwent a right knee MRI on August 30, 2021, revealing a small tear of the lateral meniscal posterior horn near the posterior root, full thickness cartilage loss in the lateral portion of the patellofemoral compartment; mild lateral patellar subluxation; and a Baker's cyst.

---

[1] CAMC is represented by Charity K. Lawrence, Esq. Ms. Kestner did not appear.

1

Ms. Kestner was seen by David Ede, M.D., on October 7, 2021. Dr. Ede recommended an arthroscopy with lateral meniscectomy and repair. On March 14, 2022, Ms. Kestner underwent an arthroscopy of the right knee with chondroplasty of the patella, a partial lateral meniscectomy, and intra-articular cortisone injection. Ms. Kestner began physical therapy on May 24, 2022.

On August 2, 2022, Ms. Kestner was evaluated by Marsha Bailey, M.D. Ms. Kestner reported right knee pain. Dr. Bailey opined that the knee pain was associated with Ms. Kestner's preexisting osteoarthritis, rather than her compensable injury. Dr. Bailey opined that Ms. Kestner was at maximum medical improvement ("MMI") for her compensable injury and could return to work on or around September 1, 2022, after she completed physical therapy.

Physical therapy notes from August 29, 2022, indicate that Ms. Kestner was experiencing pain and popping in her right knee and that she did not feel that she was ready to return to work. Tyler Halstead, PA-C, from Dr. Ede's office, cleared Ms. Kestner to return to work on September 2, 2022, with no restrictions. On September 16, 2022, it was noted that Ms. Kestner continued to complain of limited range of motion, pain, and popping in her right knee. Medical records from Dr. Ede's office indicate that Ms. Kestner was possibly experiencing post-meniscectomy syndrome and should remain off work until she could stand for extended periods of time or lift.

Ms. Kestner followed up with Dr. Ede several more times. Dr. Ede diagnosed Ms. Kestner with osteoarthritis and status post lateral meniscectomy of the right knee. On October 11, 2022, Dr. Ede opined that Ms. Kestner's pain was related to her compensable injury and recommended a referral to pain management. Dr. Ede specifically noted that Ms. Kestner did not have knee pain prior to her injury and related surgery and determined that the pain was therefore, associated with the compensable injury. Ms. Kestner was referred to Timothy Deer, M.D., for pain management.

The claim administrator issued orders on October 15, 2022, which closed the claim for TTD benefits; November 22, 2022, which denied authorization for a referral to Dr. Deer for pain management; and February 1, 2023, which denied the addition of status post lateral meniscectomy of the right knee as a compensable component of the claim. Ms. Kestner protested these orders.

On September 5, 2023, the Board reversed the claim administrator's order and found that the medical evidence established that the diagnosis of status post lateral meniscectomy of the right knee was related to the compensable injury and, thus, was a compensable condition. The Board, further, authorized a referral to pain management and reversed the closure of the claim for TTD benefits based on the finding that status post lateral meniscectomy of the right knee was a compensable condition. CAMC now appeals the Board's order.

2

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, CAMC argues that status post lateral meniscectomy is not a "recognized" diagnosis and, therefore, it cannot be held compensable. Further, CAMC argues that because status post lateral meniscectomy cannot be a compensable diagnosis, Ms. Kestner is at MMI for her compensable diagnosis and TTD was properly closed. CAMC also argues that all of Ms. Kestner's remaining symptoms are associated with her preexisting osteoarthritis, and, thus, the referral for pain management is for the treatment of a non-compensable preexisting condition. We disagree.

Here, the Board found that Ms. Kestner's surgery, an arthroscopy of the right knee with chondroplasty of the patella and a partial lateral meniscectomy was authorized by the claim administrator for treatment of her compensable injury, thus, the diagnosis status post lateral meniscectomy of the right knee was related to the compensable injury. The Board further authorized a referral to pain management and reversed the closure of the claim for TTD benefits based on the finding that status post lateral meniscectomy of the right knee was a compensable condition.

Upon review, we conclude that the Board was not clearly wrong in determining that status post lateral meniscectomy of right knee is a compensable diagnosis. We note that although CAMC argues that status post lateral meniscectomy of the right knee is not a "recognized" diagnosis, it offers no further explanation or basis in law or medicine for this assertion. Given that no legal or medical authority has been cited in support of CAMC's assertion that a diagnosis of status post lateral meniscectomy of the right knee may not be

held compensable, we cannot find that the Board committed reversible error in holding that diagnosis compensable based upon the evidence before us. Accordingly, we find that the Board was not clearly wrong in reversing the closure of the claim for TTD benefits based on the addition of status post lateral meniscectomy of the right knee as a compensable condition in this claim. We find no merit in CAMC's argument that the referral for pain management is for treatment of Ms. Kestner's preexisting osteoarthritis, as it has failed to adequately establish that argument particularly since as the Board noted, Ms. Kestner did not have pain prior to her compensable injury. Further, we find that the Board was not clearly wrong finding that a referral for pain management is reasonably required and medically necessary for the treatment of status post lateral meniscectomy.

Accordingly, we affirm the Board's September 5, 2023, order.

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr